UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
**MILWAUKEE DIVISION**

DAVID DOODY,

      Plaintiff,

v.

ARDAGH GLASS INC.,

      Defendant.

PLAINTIFF, DAVID DOODY'S, COMPLAINT

PRELIMINARY STATEMENT

1. Plaintiff David Doody ("Plaintiff") brings this action against his employer, Ardagh Glass Inc. ("Defendant") for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as amended ("ADEA") to discriminate against him with respect to discharging him and replacing him with less qualified personnel based on pretextual, false reasons when younger comparators were not disciplined and/or discharged despite workplace infractions, because of his age.

2. Plaintiff brings this action pursuant to ADEA for the purpose(s) of obtaining relief for back pay, reinstatement or frontpay, liquidated damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate.

JURISDICTION AND VENUE

3. The Court has original jurisdiction to hear this Complaint and

to adjudicate the claims stated herein under 29 USC § 623, et seq., as amended ( "ADEA"), and 29 USC 206(d), et seq. – all federal statutory law in place at the time of the actions alleged that gave rise to this complaint.

4. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendant maintained substantial and systematic contacts in this District during the events that gave rise to the claims.

6. Plaintiff has exhausted his administrative remedies prior to filing this lawsuit. Plaintiff filed a complaint with State of Wisconsin Department of Workforce Development Equal Rights Division ("ERD"), ERD Case # CR201901426, which was cross-filed as EEOC Case # 26G201900886C, on May 28, 2019. See Exhibit A. The complaint included his claim for age discrimination, having been born on October 11, 1948. At the request of the Plaintiff, EEOC issued its right to sue letter on November 25, 2020, and was received by Plaintiff through his counsel in the mail two days thereafter. See Exhibit B.

PARTIES

7. Defendant is a manufacturing company with an office in Racine County, Wisconsin.

8. Plaintiff is an adult resident of Spring Grove, IL.

9. The events that gave rise to this action occurred primarily in Racine County, Wisconsin.

GENERAL ALLEGATIONS

10. Plaintiff, a male, of over 40 years in age – having been born on October 11, 1948 –, worked for Defendant for 12 years, as a qualified mold maker.

11. During his time working for Defendant, Plaintiff had been an exemplary employee with a mostly clean record, particularly in the five years leading up to his termination.

12. During his time working for Defendant, Plaintiff was consistently lauded for his high quality level of work. He worked an average of 90 hours per week, while maintaining consistently high levels of productivity.

13. During his time working for Defendant, Plaintiff personally witnessed an environment of inappropriate comments, and was a part of that environment, but contributed no more to that environment than his co-workers did.

14. During his time working for Defendant, Plaintiff was aware of Brian M., Ray S., Jebediah, Dolce, Allison, and Danielle M. suffering lesser

discipline than discharge for serious infractions; those individuals are at least 10 years younger than Plaintiff.

15. On January 18, 2019, Plaintiff was called to the personnel office at approximately 6:30 pm CT, and was escorted by two supervisors, Kevin L. and Will. He was then handed a suspension form for misconduct upon arrival, and was escorted by two police officers. He was not advised at the time why he was escorted out, and the police officers did not act as if they thought the matter serious.

16. Plaintiff immediately requested that Paul Hubbard file a grievance with the union.

17. On January 21, 2019, Plaintiff received a letter of discharge, without being provided a reason for his discharge.

18. Upon information and belief, Plaintiff now believes – based on what he learned during the administrative investigation process – that he was terminated for comments he never made and actions he never undertook. He was never given an opportunity to deny these comments or actions despite grieving the termination.

19. Plaintiff was never offered reinstatement after the filing of his grievance.

20. Plaintiff suffered depression, and serious health issues since his termination.

## FIRST CLAIM FOR RELIEF

Violations of ADEA –
Age Discrimination in Discriminatory Discharge

21. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

22. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq., ("ADEA") makes it unlawful for an employer to fail or refuse to hire, discharge, limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's age.

23. During his employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under ADEA.

24. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of ADEA and Plaintiff was an employee within the meaning of ADEA.

25. Plaintiff was discharged based on accusations that are entirely false, and for which Plaintiff was not provided an opportunity to know of the accusations and defend them, even after filing his grievance.

26. Numerous comparators that are more than 10 years younger than Plaintiff were treated differently than Defendant.

27. During his time working for Defendant, Plaintiff was aware of Brian M., Ray S, Jebediah, Dolce, Allison, and Danielle M. suffering lesser

discipline than discharge for serious infractions; those individuals are at least 10 years younger than Plaintiff.

28. For example, Brian M. received a one-day suspension when police were called in for sexual harassment in the shower, Ray S. received a written warning for his involvement in a serious confrontation at the job, and Jebediah received three consecutive warnings before his termination for inappropriate conduct.

29. Upon information and belief, Defendant knew that the allegations levied against Plaintiff were false, but acted on them anyway.

30. In support for this belief, Plaintiff feels he would have been notified of the accusations if they were real.

31. And, Plaintiff would have been given a chance to defend the accusations if the accusations were real when Defendant went from suspending Plaintiff to terminating Plaintiff for the same conduct without discussing same with Plaintiff (or giving him any information as to the accusations before acting to terminate him).

32. And, Plaintiff would have been given leniency as his younger colleagues had been afforded in disciplining him before terminating him.

33. Additionally, the fact that the police did not take the allegations seriously, and that the alleged inappropriate comments are mostly false and – where true – are no more serious than comments made regularly by Plaintiff's younger colleagues, demonstrate that Defendant had

pretextual motives in terminating Plaintiff and refusing to give him a chance to defend or to be rehired after he had grieved.

34. After Plaintiff turned 70 years of age, three young apprentices became journeyman – meaning that Defendant no longer needed another journeyman, such as Plaintiff. This provided motive for Defendant to discharge Plaintiff.

35. By the conduct as alleged herein, Defendant subjected Plaintiff to age discrimination in violation of ADEA.

36. Defendant was on notice of this at least by Plaintiff's complaints, and refused to correct the inequity.

37. Defendant's conduct constitutes willful age discrimination against Plaintiff.

38. Successful Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action under ADEA.

## REQUEST FOR RELIEF

WHEREFORE, it is respectfully prayed that this court grant the following relief:

   a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations and as dilatory or otherwise unjust as defined by Wisconsin Law;

   b) An Order finding that Defendant violated the ADEA;

c) An Order finding that Defendant's violations of law were dilatory or otherwise unjust;

d) Judgment against Defendant in the amount equal to Plaintiff's lost wages in back pay and front pay for Defendant's violations of ADEA;

e) An award of liquidated damages under the ADEA;

f) An award of reinstatement under the ADEA;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial pursuant to FED. R. CIV. P. 38(b).

Dated this 23rd day of February, 2021.

                                                Respectfully submitted,

                                                s/ Maxwell C Livingston
                                                Maxwell C Livingston
                                                SBN 1084764
                                                Law Offices of Maxwell Charles Livingston,
                                                16601 W Greenfield Ave
                                                New Berlin, WI 53151
                                                Telephone: (262) 317-9717
                                                Fax: (866) 433-4321
                                                Email: max@maxlivingstonlaw.com